UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

DIANA ROCANO, MERY PILCO, CARMEN GAONA,
JEFFREY SANTILLAN, MANUEL SANCHEZ,
AND YUDI MILENA AKA YUDI SANTOS CERQUERA

                             Plaintiffs,

                                        Index. No.:

                                        **VERIFIED COMPLAINT**

              -against-                           **JURY TRIAL DEMANDED**

ELECTRO USA CORP., D/B/A "ELECTRO USA", ELECTRO
USA 3 CORP., D/B/A "ELECTRO USA", ELECTRO WIRELESS
CORP., VIVO WIRELESS CORP., D/B/A "VIVO WIRELESS",
LINK WIRELESS CORP., D/B/A "FIX ME MOBILE", SUCCESS
WIRELESS CORP., D/B/A "ELECTRO WIRELESS",
, JESSICA ROJAS, HENRY SILVA,
ANGELA SILVA, and DAISY SILVA

                             Defendants.

-------------------------------------------------------------------------X

       Plaintiffs, **DIANA ROCANO, MERY PILCO, CARMEN GAONA, JEFFREY SANTILLAN, MANUEL SANCHEZ, AND YUDI MILENA a/k/a YUDI SANTOS CERQUERA** by and through their attorney at Heriberto A. Cabrera & Associates, as and for their Complaint against *Electro USA Corp., d/b/a "Electro USA", Electro USA 3 Corp., d/b/a "Electro USA", Electro Wireless Corp., Vivo Wireless Corp., d/b/a "Vivo Wireless", Link Wireless Corp., d/b/a "Fix Me Mobile", Success Wireless Corp., d/b/a "Electro Wireless", Jessica Rojas, Henry Silva, Angela Silva, and Daisy Silva* ("Defendants"), respectfully alleges as follows:

### INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages, and spread of hours, inter alia, to Plaintiff Diana Rocano (hereinafter "Rocano"), Mery Pilco (hereinafter "Pilco"), Carmen Gaona (hereinafter "Gaona"), Jeffrey Santillan (hereinafter "Santillan"), Manuel Sanchez (hereinafter "Sanchez"), and Yudi Milena aka Yudi Santos Cerquera (hereinafter "Milena").

3. Plaintiffs demand a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Rocano, is a resident of Queens County, New York, and she was an employee of Defendants as a salesperson. During the course of her employment with defendants, she worked at:

    a. Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b. Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c. Electro Wireless Corp., (hereinafter "Electro Wireless") with the principal place of business located at 90-22B Roosevelt Avenue, Jackson Heights, New York 11372;

    d. Vivo Wireless Corp., (hereinafter "Vivo Wireless") with the principal place of business located at 80-02B Roosevelt Avenue, Jackson Heights, New York 11372;

    e. Link Wireless Corp., (hereinafter "Link Wireless") with the principal place of business located at 85-03 Northern Boulevard, Queens, New York 11372; and

    f. Success Wireless Corp., (hereinafter "Success Wireless") with the

principal place of business located at 37-83 103rd Street, Corona, New York 11368.

5.  Plaintiff, Pilco, is a resident of Queens County, New York, and she was an employee of Defendants as a salesperson. During the course of her employment with defendants, she worked at:

    a.  Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b.  Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c.  Electro Wireless Corp., (hereinafter "Electro Wireless") with the principal place of business located at 90-22B Roosevelt Avenue, Jackson Heights, New York 11372;

    d.  Vivo Wireless Corp., (hereinafter "Vivo Wireless") with the principal place of business located at 80-02B Roosevelt Avenue, Jackson Heights, New York 11372;

    e.  Link Wireless Corp., (hereinafter "Link Wireless") with the principal place of business located at 85-03 Northern Boulevard, Queens, New York 11372; and

    f.  Success Wireless Corp., (hereinafter "Success Wireless") with the principal place of business located at 37-83 103rd Street, Corona, New York 11368.

6.  Plaintiff, Gaona, is a resident of Queens County, New York, and she was an employee of Defendants as a salesperson. During the course of her employment with defendants, she worked at:

    a.  Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b. Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c. Electro Wireless Corp., (hereinafter "Electro Wireless") with the principal place of business located at 90-22B Roosevelt Avenue, Jackson Heights, New York 11372;

    d. Vivo Wireless Corp., (hereinafter "Vivo Wireless") with the principal place of business located at 80-02B Roosevelt Avenue, Jackson Heights, New York 11372;

    e. Success Wireless Corp., (hereinafter "Success Wireless") with the principal place of business located at 37-83 103rd Street, Corona, New York 11368.

7. Plaintiff, Santillan, is a resident of Queens County, New York, and he was an employee of Defendants as a technician. During the course of his employment with defendants, he worked at:

    a. Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b. Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c. Link Wireless Corp., (hereinafter "Link Wireless") with the principal place of business located at 85-03 Northern Boulevard, Queens, New York 11372; and

    d. Success Wireless Corp., (hereinafter "Success Wireless") with the principal place of business located at 37-83 103rd Street, Corona, New York 11368.

8. Plaintiff, Sanchez, is a resident of Queens County, New York, and he was an employee of Defendants as a technician. During the course of his

employment with defendants, he worked at:

    a.  Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b.  Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c.  Success Wireless Corp., (hereinafter "Success Wireless") with the principal place of business located at 37-83 103rd Street, Corona, New York 11368.

9. Plaintiff, Milena, is a resident of Queens County, New York, and she was an employee of Defendants as a salesperson. During the course of her employment with defendants, she worked at:

    a.  Electro USA Corp. (hereinafter "Electro USA") with the principal place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368;

    b.  Electro USA 3 Corp., (hereinafter "Electro USA 3") with the principal place of business located at 89-05 Roosevelt Avenue, Jackson Heights, New York 11372;

    c.  Electro Wireless Corp., (hereinafter "Electro Wireless") with the principal place of business located at 90-22B Roosevelt Avenue, Jackson Heights, New York 11372;

    d.  Vivo Wireless Corp., (hereinafter "Vivo Wireless") with the principal place of business located at 80-02B Roosevelt Avenue, Jackson Heights, New York 11372;

    e.  Link Wireless Corp., (hereinafter "Link Wireless") with the principal place of business located at 85-03 Northern Boulevard, Queens, New York 11372; and

    f.  Success Wireless Corp., (hereinafter "Success Wireless") with the principal place of business located at 37-83 103rd Street, Corona,

New York 11368.

10. Upon information and belief, Electro USA, is a domestic corporation doing business within the State of New York as Electro USA, in the County of Queens, and has a principal place of business in Queens County in New York at 97-18 Roosevelt Avenue, Corona, New York 11368.

11. Upon information and belief, Electro USA, is a domestic limited liability company doing business within the State of New York as Electro USA, in the County of Queens, and has a principal place of business in Queens, New York.

12. Upon information and belief, Electro USA, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

13. Electro USA is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 97-18 Roosevelt Avenue, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiffs.

14. Upon information and belief, Electro USA 3, is a domestic corporation doing business within the State of New York as Electro USA and has a principal place of business in Queens County in New York at 89-05 Roosevelt Avenue, Corona, New York 11368.

6

15. Upon information and belief, Electro USA 3, is a domestic limited liability company doing business within the State of New York as Electro USA, in the County of Queens, and has a principal place of business in Queens, New York.

16. Upon information and belief, Electro USA 3, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

17. Electro USA 3 is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 89-05 Roosevelt Avenue, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiffs.

18. Upon information and belief, Electro Wireless, is a domestic corporation doing business within the State of New York, in the County of Queens, and has a principal place of business in Queens County in New York at 90-22B Roosevelt Avenue, Jackson Heights, New York 11372.

19. Upon information and belief, Electro Wireless, is a domestic limited liability company doing business within the State of New York, County of Queens, and has a principal place of business in Queens, New York.

20. Upon information and belief, Electro Wireless, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise

engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

21. Electro Wireless is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 90-22B Roosevelt Avenue, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

22. Upon information and belief, Vivo Wireless Corp., is a domestic corporation doing business within the State of New York as Vivo Wireless, in the County of Queens, and has a principal place of business in Queens County in New York at 80-02B Roosevelt Avenue, Jackson Heights, New York 11372.

23. Upon information and belief, Vivo Wireless, is a domestic limited liability company doing business within the State of New York as Vivo Wireless, County of Queens, and has a principal place of business in Queens, New York.

24. Upon information and belief, Vivo Wireless, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they

have each had annual gross volume sales of not less than $500,000.

25. Vivo Wireless, is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 35-04A Junction Boulevard, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

26. Upon information and belief, Link Wireless Corp., is a domestic corporation doing business within the State of New York as Fix Me Mobile, in the County of Queens, and has a principal place of business in Queens County in New York at 85-03 Northern Boulevard, Queens, New York 11368.

27. Upon information and belief, Link Wireless Corp., is a domestic limited liability company doing business within the State of New York as Fix Me Mobile, in the County of Queens, and has a principal place of business in Queens, New York.

28. Upon information and belief, Link Wireless, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

29. Link Wireless is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 85-03

Northern Boulevard, Queens, New York 11372, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

30. Upon information and belief, Success Wireless Corp., is a domestic corporation doing business within the State of New York as Electro Wireless, in the County of Queens, and has a principal place of business in Queens County in New York at 37-83 103rd Street, Corona, New York 11368.

31. Upon information and belief, Success Wireless Corp., is a domestic limited liability company doing business within the State of New York as Electro Wireless, in the County of Queens, and has a principal place of business in Queens, New York.

32. Upon information and belief, Success Wireless, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

33. Success Wireless is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 37-83 103rd Street, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

34. Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

35. Upon information and belief, Defendant Jessica Rojas, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Queens, and has principal places of business in Queens County in the State of New York at 97-18 Roosevelt Avenue, Corona, New York.

36. Upon information and belief, Defendant Jessica Rojas has ownership interest in the corporate defendants and she is a manager and supervisor of all her employees and the employees of the corporate defendants.

37. Plaintiffs were "employees" of Defendant, Jessica Rojas, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

38. Upon information and belief, Defendant Henry Silva, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Queens, and has principal places of business in Queens County in the State of New York at 97-18 Roosevelt Avenue, Corona, New York.

39. Upon information and belief, Defendant Henry Silva has ownership interest in the corporate defendants and he is a manager and supervisor of all employees and the employees of the corporate defendants.

40. Plaintiffs were "employees" of Defendant, Henry Silva, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

41. Upon information and belief, Defendant Angela Silva, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Queens, and has principal places of business in

Queens County in the State of New York at 97-18 Roosevelt Avenue, Corona, New York.

42. Upon information and belief, Defendant Angela Silva has ownership interest in the corporate defendants and she is a manager and supervisor of all her employees and the employees of the corporate defendants.

43. Plaintiffs were "employees" of Defendant, Angela Silva, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

44. Upon information and belief, Defendant Daisy Silva, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City and County of Queens, and has principal places of business in Queens County in the State of New York at 97-18 Roosevelt Avenue, Corona, New York.

45. Upon information and belief, Defendant Daisy Silva has ownership interest in the corporate defendants and she is a manager and supervisor of all her employees and the employees of the corporate defendants.

46. Plaintiffs were "employees" of Defendant, Daisy Silva, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

47. Plaintiffs were "employees" of all the corporate defendants, within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

48. Defendants Jessica Rojas, Henry Silva, Angela Silva, Daisy Silva, and the corporate defendants through defendants Jessica Rojas, Henry Silva, Angela Silva, and Daisy Silva controlled the hours, the task assignments and the overall work associated with Plaintiffs' work at the store premises.

49. Defendants Jessica Rojas, Henry Silva, Angela Silva, Daisy Silva and the

corporate defendants through defendants Jessica Rojas, Henry Silva, Angela Silva, Daisy Silva, controlled the terms and conditions of Plaintiffs' employment and are thus "employers" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

## JURISDICTION AND VENUE

50. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and§ 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

51. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

52. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

53. At all times relevant to this Complaint, Plaintiffs received payments from Defendants and were economically dependent on Defendants in regards to making their living.

54. Defendants had the power to hire and fire employees including Plaintiffs.

55. Defendants supervised and controlled Plaintiffs' work schedules and/or conditions of employment.

56. Defendants, through their agents, determined the rate and method of payment of Plaintiffs' wages.

**Diana Rocano**:

57.  Plaintiff, Rocano, worked for Defendants as a salesperson at the Defendants' retail stores from on or about September 2016 until on or about December 2018. Plaintiff Rocano returned to work again on or about June, 2019. On or about March 2020, the defendants closed stores for a period of time due to the COVID-19 Pandemic. The retail stores reopened on or about June, 2020 at which time Plaintiff Rocano returned to work until on or about January 2021.

58.  During the entire period of her employment Plaintiff Rocano worked for defendants intermittently and as directed by Defendants at the following locations which were owned, operated, supervised and managed by Defendants:

- 97-18 Roosevelt Avenue, Corona, New York
- 37-83 103rd Street, Corona, New York
- 89-05 Roosevelt Avenue, Jackson Heights, New York
- 80-02B Roosevelt Avenue, Jackson Heights, New York
- 85-03 Northern Boulevard, Jackson Heights, New York
- 90-22B Roosevelt Avenue, Jackson Heights, New York

59. Beginning on or about September, 2016 through on or about December, 2018, Plaintiff Rocano worked between six to seven days per week from 9:30AM to 9:30PM which shifts were for twelve hours in a single day and which totaled approximately from seventy-two hours to eighty-four hours per week.

60. During the period beginning on or about September, 2016 through on or about December, 2018, Plaintiff was paid $100 per day.

61. Beginning on or about June, 2019 through on or about April, 2020, Plaintiff Rocano worked five days per week from 9:30AM to 9:30PM which shifts were for twelve hours in a single day.

62. During the period beginning on or about June, 2019 through on or about April, 2020, Plaintiff Rocano was paid $100 per day.

63. Beginning on or about June, 2020 through on or about January 2021, Plaintiff Rocano worked four days per week from 9:30AM to 9:30PM which shifts were for twelve hours in a single day.

64. During the period beginning on or about June, 2020 through on or about January, 2021 Plaintiff Rocano was paid $480 per week.

**Mery Pilco:**

65. Plaintiff, Pilco, worked for Defendants as a salesperson at the Defendants' retail stores from on or about October 20, 2014 to present. Her employment with Defendants was continuous except for an approximately one to two month period from March to on or about the end of April where the retail shops were closed due to the Covid pandemic.

66. During the entire period of her employment Plaintiff Pilco worked for defendants intermittently and as directed by Defendants at the following locations which were owned, operated, supervised and managed by Defendants:
    - 97-18 Roosevelt Avenue, Corona, New York
    - 37-83 103rd Street, Corona, New York
    - 89-05 Roosevelt Avenue, Jackson Heights, New York
    - 80-02B Roosevelt Avenue, Jackson Heights, New York
    - 85-03 Northern Boulevard, Jackson Heights, New York
    - 90-22B Roosevelt Avenue, Jackson Heights, New York

67. Beginning on or about October, 2014 until on or about December, 2016. Plaintiff Pilco, worked 6 days a week from 10 AM to 9:00 PM with shifts for eleven hours in a single day and totaled approximately sixty-six hours per week.

68. During the period beginning on or about October, 2014 until on or about December,

2015, Plaintiff Pilco was paid $380 per week. In 2016, Plaintiff was paid $480.00 per week.

69. Beginning on or about January 2017 until on or about December, 2020, Plaintiff Pilco, worked 5 days a week from 10:00 AM to 9:00 PM with shifts for eleven hours in a single day and totaled approximately fifty-five per week.

70. During the period beginning on or about January 2017 until on or about December, 2020, Plaintiff Pilco was paid $480.00 weekly.

71. During the period beginning on or about January, 2021 to present, Plaintiff Pilco worked 4 days a week from 10:00 AM to 9:00 PM with shifts for eleven hours in a single day and totaled approximately forty-four hours per week.

72. During the period beginning on or about January, 2021 to present, Plaintiff Pilco was paid $550.00 weekly.

**Carmen Gaona:**

73. Plaintiff, Gaona worked for Defendants as a salesperson at the Defendants' retail stores from on or about March 14, 2014 until on or about May 18, 2021. Her employment with Defendants was continuous except for an approximately one to two month period from March to on or about the end of April where the retail shops were closed due to the Covid pandemic.

74. During the entire period of her employment Plaintiff Gaona worked for defendants intermittently and as directed by Defendants at the following locations which were owned, operated, supervised and managed by Defendants
   - 97-18 Roosevelt Avenue, Corona, New York
   - 37-83 103rd Street, Corona, New York
   - 89-05 Roosevelt Avenue, Jackson Heights, New York
   - 80-02B Roosevelt Avenue, Jackson Heights, New York

- 90-22B Roosevelt Avenue, Jackson Heights, New York

75. Beginning on or about March 14, 2014 until on or about December 2019, Plaintiff Gaona worked 6 days a week from 10:00 AM to 9:00 PM with shifts for eleven hours in a single day and totaled approximately sixty-six hours per week.

76. Beginning on or about January 2020 until on or about June 2020, Plaintiff Gaona worked 5 days a week from 10:00 AM to 9:00 PM with shifts for eleven hours in a single day and totaled approximately fifty-five hours per week.

77. Beginning on or about July 2020 until on or about May 18, 2021, Plaintiff Gaona worked 4 days a week from 10:00 AM to 9:00 AM with shifts for eleven hours in a single day and totaled approximately forty-four hours per week.

78. During the period beginning on or about March 14, 2014 until on or about May 18, 2021, Plaintiff Gaona was paid as follows:
    a. March 14, 2014 until on or about December 2015, Plaintiff Gaona was paid $400.00 weekly
    b. The year of 2016, Plaintiff Gaona was paid $450.00 weekly
    c. The year of 2017, Plaintiff Gaona was paid $470.00 weekly
    d. January 2018 until on or about December 2019, Plaintiff Gaona was paid $500.00 weekly.
    e. January 2020 until on or about May 18, 2021, Plaintiff Gaona was paid $15.00 per hour

**Jeffrey Santillan:**

79. Plaintiff, Santillan, worked for Defendants as a technician at the Defendants' retail stores from on or about October 2017 until on or about March 2020.

80. During the entire period of her employment Plaintiff Santillan worked for defendants intermittently and as directed by Defendants at the following locations which were

owned, operated, supervised and managed by Defendants:

- 97-18 Roosevelt Avenue, Corona, New York
- 37-83 103rd Street, Corona, New York
- 89-05 Roosevelt Avenue, Jackson Heights, New York
- 85-03 Northern Boulevard, Jackson Heights, New York

81. Beginning on or about October, 2017 through on or about March, 2020, Plaintiff Santillan worked between six says per week from 10:00 AM to 9:00 PM which shifts were for eleven hours in a single day and which totaled approximately sixty-six hours per week.

82. During the period beginning on or about October, 2017 through on or about December 2018, Plaintiff Santillan was paid $12 per hour. Beginning on or about January 2019 until on or about March, 2020, Plaintiff was paid $14 per hour

**Manuel Sanchez:**

83. Plaintiff, Sanchez, worked for Defendants as a technician at the Defendants' retail stores from on or about August, 2015 until on or about November 2019.

84. During the entire period of his employment Plaintiff Sanchez worked for defendants intermittently and as directed by Defendants at the following locations which were owned, operated, supervised and managed by Defendants:

- 97-18 Roosevelt Avenue, Corona, New York
- 37-83 103rd Street, Corona, New York
- 89-05 Roosevelt Avenue, Jackson Heights, New York

85. Beginning on or about August 2015 through on or about November 2019, Plaintiff Sanchez worked six days per week from 12:00 PM to 9:00PM which shifts were for nine hours in a single day and which totaled approximately fifty-four hours per week.

86. The plaintiff Sanches' rate of pay during the period of employment was as follows:

a.  In 2015, Plaintiff was paid $650.00 per week.

b.  In the years 2016 and 2017, Plaintiff was paid $700.00 per week.

c.  In the years 2018 and 2019, Plaintiff was paid $750.00 per week.

**Yudi Milena a/k/a Yudi Santos Cerquera:**

87. Plaintiff, Milena, worked for Defendants as a salesperson at the Defendants' retail stores from on or about September 5, 2018 to on or about September 28, 2019.

88. During the entire period of her employment Plaintiff Milena worked for defendants intermittently and as directed by Defendants at the following locations which were owned, operated, supervised and managed by Defendants:

- 97-18 Roosevelt Avenue, Corona, New York
- 37-83 103rd Street, Corona, New York
- 89-05 Roosevelt Avenue, Jackson Heights, New York
- 80-02B Roosevelt Avenue, Jackson Heights, New York
- 85-03 Northern Boulevard, Jackson Heights, New York
- 90-22B Roosevelt Avenue, Jackson Heights, New York

89. Beginning on or about September 5, 2018 until on or about March 2019, Plaintiff Milena worked 5 days a week. From on or about March 2019 to September 28, 2019, Plaintiff Milena worked 6 days a week. During her employment with Defendants, Plaintiff Milena worked from 9:30AM to 9:30PM with shifts for twelve hours in a single day and totaled approximately from 60 to 72 hours per week.

90. During the period beginning on or about September 5, 2018 until on or about September 28, 2019, Plaintiff Milena was paid $12.00 per hour.

91. During the entire period of their employment, Plaintiffs were never paid an overtime premium for the hours they worked.

92.  Plaintiffs did not exercise any discretion over their tasks or over any significant aspects

of the manner the Defendants ran their business.  Nor did Plaintiffs have control over the manner they could execute the tasks assigned to them.

93.  Plaintiffs never received time off or any vacation time for the entire period of their employment.

94.  Upon information and belief, Defendants kept, and/or allowed to be kept, inaccurate records of the hours worked by Plaintiffs.

95.  Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiffs worked during the day, the total hours Plaintiffs worked during the week and/or the total amount of overtime hours worked each week.

96.  If Plaintiffs' hours had been properly documented and calculated, then the Plaintiffs' total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiffs by the Defendants.

97.  Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiffs were entitled to under the law.

98.  At all times, Defendants' policy and practice in regards to paying wages to Plaintiff had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

99.  Plaintiff re-alleges paragraphs 1-98 of this Complaint as if set forth fully herein.

100.  Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

101. At all relevant times, Plaintiffs were not paid time and a half based on their regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

102. Plaintiffs routinely worked hours in excess of 40 hours a week.

103. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

104. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
*Failure to Pay Overtime (State)*

105. Plaintiffs re-allege paragraphs 1-104 of this Complaint as if set forth fully herein.

106. Plaintiffs were employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

107. Defendants failed to pay Plaintiff's overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

108. Plaintiffs routinely worked hours in excess of 40 hours a week.

109. Defendants' failure to pay overtime wages to Plaintiffs violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

110. Said violations have been willful within the meaning of New York State Labor

Law § 198(1-a).

111. Thus, Plaintiffs are entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

### *Failure to Pay Minimum Wages (Federal)*

112. Plaintiffs re-allege paragraphs 1-111 of this Complaint as if set forth fully herein.

113. Plaintiffs were non-exempt employees of the Defendants as understood by the FLSA at all relevant times.

114. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by state and federal law.

115. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

116. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### *Failure to Pay Minimum Wages (State)*

117. Plaintiffs re-allege paragraphs 1-117 of this Complaint as if set forth fully herein.

118. Plaintiffs were a non-exempt employee of the Defendants as understood by the NYSLL at all relevant times.

119. At all relevant times, Plaintiffs were paid below the controlling minimum wage required by New York State law.

120. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

121. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiffs are entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

122. Plaintiffs re-allege paragraphs 1-122 of this Complaint as if set forth fully Herein.

123. Defendants have not paid Plaintiffs their due additional hours of pay for shifts where Plaintiffs worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

124. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

125. Defendant's willful and intentional failure to pay the spread of hours violates the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

126. Plaintiffs are entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

**SIXTH CAUSE OF ACTION**

*Violation of the Notice and Recordkeeping*
*Requirements of the New York Labor Law*

127. Plaintiffs re-allege paragraphs 1-127 of this Complaint as if set forth fully
herein.

128. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish
(Plaintiffs' primary language), containing: the rate or rate of pay and basis thereof,
whether paid by the hour, shift, day, week, salary, piece, commission, or other;
allowances, if any, claimed as part of the minimum wage, including tip, meal, or
lodging allowances; the regular pay day designated by the employer' the name of the
employer; any "doing businesses as" names used by the employer' the physical
address of the employer's main office or principal place of business and a mailing
address if different; and the telephone number of the employer, as required by NYLL
§195(1).

129. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and
attorney's fees.

**SEVENTH CAUSE OF ACTION**

*Violation of the Wage Statement Provisions*
*of the New York Labor Law*

130. Plaintiffs re-allege paragraphs 1-129 of this Complaint as if set forth fully
herein.

131. With each payment of wages, Defendants failed to provide Plaintiffs with an accurate

statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

132.  Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a.  A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b.  Directing Defendants to make Plaintiff whole for all unpaid overtime wages, minimum wages and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c.  Directing Defendants to pay Plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d.  Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e.  Awarding Plaintiffs pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f.   Awarding Plaintiffs statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g.   Awarding Plaintiffs such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
February 22, 2022

**HERIBERTO A. CABRERA & ASSOCIATES**

__/s/Heriberto A. Cabrera_____
Heriberto A. Cabrera, Esq.
*Attorneys for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
info@gonylaw.com